# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ANTHONY SEALS,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>CDCR, et al.,<br><br>　　　　Defendants. | ) 1:11cv01933 DLB PC<br>)<br>)<br>) ORDER DISMISSING ACTION,<br>) WITHOUT PREJUDICE, FOR<br>) FAILURE TO FOLLOW<br>) COURT ORDER<br>)<br>)<br>) |

　　　　Plaintiff Anthony Seals ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on November 21, 2011.[1] On January 16, 2013, Plaintiff's mail was returned to this Court by the United States Postal Service with a notation, "Unavailable, Refused."

　　　　On April 2, 2013, the Court issued an Order to Show Cause why this action should not be dismissed based on Plaintiff's failure to keep the Court apprised of his address pursuant to Local Rule 183(b). The Court ordered Plaintiff to file a response within 20 days.

　　　　On April 16, 2013, the Order to Show Cause was returned to the Court by the United States Postal Service with a notation, "Undeliverable, Inactive."

---

[1] On December 5, 2011, Plaintiff consented to the jurisdiction of the United States Magistrate Judge for all purposes.

**DISCUSSION**

"In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).  These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action.  In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

In this instance, Local Rule 183(b) provides for the dismissal of an action based on the repeated return of Plaintiff's mail.  Given the Court's inability to communicate with Plaintiff, dismissal is warranted and there are no other reasonable alternatives available.  See Carey, 856 F.2d at 1441.  The Court also notes that this action has been pending since November 11, 2011.

Accordingly, this action is HEREBY DISMISSED, without prejudice, based on Plaintiff's failure to prosecute.

IT IS SO ORDERED.

Dated:  **April 20, 2013**                      /s/ *Dennis L. Beck*
                                                                  UNITED STATES MAGISTRATE JUDGE